


OCT 02 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Isamar Lopez, | 1:25-cv-12084 |
| Plaintiff, | Judge Joan H. Lefkow |
| | Magistrate Judge Jeannice W. Appenteng |
| v. | RANDOM/Cat. 2 |

Ovations Food Services, L.P. d/b/a OVG360 Hospitality and Oak View Group, LLC,

Defendants

Case No.: _____

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

(Jury Trial Demanded)

## I. PARTIES

1. Plaintiff, Isamar Lopez, resides at 12227 Ann St, Blue Island, IL 60406.

2. Defendant, Ovations Food Services, L.P. d/b/a OVG360 Hospitality, is a limited partnership headquartered at 150 Rouse Blvd, Suite 300, Philadelphia, PA 19112, and also operates in Chicago, Illinois at 2301 South Mines Drive, where Plaintiff was employed.

3. Defendant, Oak View Group, LLC, is a related limited liability company involved in management and operations of the workplace where Plaintiff was employed.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for Plaintiff's state law claims regarding unpaid wages and benefits. This Court also has jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. Venue is proper in this District because the events giving rise to this complaint occurred in the Northern District of Illinois.

## III. STATEMENT OF FACTS

6. Plaintiff began working for Defendants as a Culinary Supervisor on or about October 1, 2023. Plaintiff had also worked in the same building for approximately 10 years under prior employers and consistently performed her duties well.

7. Plaintiff was qualified for her position and performed her job responsibilities competently.

8. Plaintiff's supervisor, the Executive Chef, made an inappropriate request that Plaintiff cook for him personally because she is a woman, which was not part of her job description.

9. After Plaintiff refused and reported the behavior to HR, her concerns were ignored. Days went by when the Executive Chef did not speak to her, and management failed to address her complaint.

10. Following Plaintiff's report, the Director of Culinary Innovation attempted to diminish the seriousness of the incident by telling Plaintiff he did not believe the Executive Chef asked her to cook because she was a woman. This further minimized Plaintiff's concerns and discouraged her from receiving fair treatment.

11. When Plaintiff submitted her resignation notice, the Executive Chef retaliated by assigning her an excessive workload before her departure, including creating new practices and handling additional responsibilities.

12. Plaintiff had previously complained about sexual harassment at the workplace, but no corrective action was taken by Defendants.

13. The Director of Culinary Innovation also approached Plaintiff's subordinates and asked if Plaintiff was sleeping with them, spreading damaging rumors and creating a hostile and humiliating work environment.

14. Plaintiff's vacation hours were miscalculated, and despite reaching out several times before receiving her final paycheck to remedy the issue, Defendants failed to correct the error and deprived her of earned benefits.

15. As a result of Defendants' actions, Plaintiff was subjected to discrimination, retaliation, and a hostile work environment that ultimately forced her to resign on May 14, 2025.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC).

17. The EEOC issued a Notice of Right to Sue, which Plaintiff received on July 3, 2025.

18. Plaintiff is filing this lawsuit within 90 days of receiving the Right to Sue notice

## V. CAUSES OF ACTION

**Count I – Sex Discrimination (Title VII)**

19. Defendants discriminated against Plaintiff on the basis of sex by subjecting her to unequal treatment, including inappropriate requests made because she is a woman.

**Count II – Retaliation (Title VII)**

20. Defendants retaliated against Plaintiff for refusing inappropriate requests and for reporting misconduct to HR.

**Count III – Hostile Work Environment (Title VII)**

21. Defendants subjected Plaintiff to a hostile work environment by ignoring complaints, minimizing the seriousness of misconduct, spreading false rumors about her sexual conduct, and increasing her workload as retaliation.

**Count IV – Constructive Discharge**

22. Defendants' actions created intolerable working conditions that forced Plaintiff to resign against her will.

**Count V – Unpaid Wages and Benefits (Illinois Wage Payment and Collection Act)**

23. Plaintiff incorporates all preceding paragraphs.

24. Defendants failed to properly calculate and pay Plaintiff's accrued vacation hours and benefits, despite multiple requests by Plaintiff prior to receiving her final paycheck.

25. Defendants' failure to pay Plaintiff all wages and benefits owed violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

**Count VI – Unpaid Wages and Benefits (Fair Labor Standards Act)**

26. Plaintiff incorporates all preceding paragraphs.

27. Defendants failed to properly pay Plaintiff all wages due, including accrued vacation pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

28. Defendants' conduct was willful and entitles Plaintiff to liquidated damages, attorney's fees, and costs under the FLSA.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

- Back pay and lost wages

- Front pay

- Compensatory damages for emotional distress

- Punitive damages for willful and malicious conduct

- Correction of vacation hours and lost benefits

- Liquidated damages and penalties under the Illinois Wage Payment and Collection Act and FLSA

- Attorney's fees and costs

- Court costs and filing fees

- Any other relief the Court deems just and proper

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

Isamar Lopez

12227 Ann St

Blue Island, IL 60406

Signature: _____

Date: October 2, 2025